## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-02483-JDE | Date | April 13, 2026 |
|---|---|---|---|
| Title | Kristopher Rene Gomez v. Baller Busters, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**  (In Chambers) Further Order to Show Cause re Dismissal

Plaintiff filed the Complaint in this action on November 5, 2025, naming as Defendants "Baller Busters," an "unknown entity" that appears to be an Instagram username and Raeesabbas Mohamed, an individual (collectively, "Defendants"). Dkt. 1. The case was assigned to a magistrate judge under the Direct Assignment of Civil Cases to Magistrate Judges Program for the United States District Court for the Central District of California ("Program"). Dkt. 2 ("Notice of Assignment"). Per Local Civil Rule 73-2.1, for cases assigned to a U.S. Magistrate Judge under the Program, the plaintiff (or defendant in a case removed to this Court by such defendant) must serve the Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent form (id.) entered on the docket on each adverse party at the time of service of the summons and complaint, notice of removal, or other case initiating document. On November 14, 2025, the Court advised:

> This case has been assigned to a magistrate judge under the Direct Assignment of Civil Cases to Magistrate Judges Program. Per Local Civil Rule 73-2.1, Plaintiff(s) is/are ORDERED to serve the Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent form (Dkt. 2, "Notice") upon each newly served party at the time of service of process and, WITHIN THREE (3) DAYS of such service, file proof(s) of such service, including service of the Notice [of Assignment].

Dkt. 5 ("First Order").

When, as of January 13, 2026, no proof of service of any document had been filed as to any defendant, the Court issued an Order re Service and Notice of Possible Dismissal, reciting the foregoing, and further providing:

> Rule 4(c) of the Federal Rules of Civil Procedure provides, in part, that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that if a defendant "is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-02483-JDE | Date | April 13, 2026 |
|---|---|---|---|
| Title | Kristopher Rene Gomez v. Baller Busters, et al. | | |

defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. Id. Further, unless service is waived, proof(s) of service must be provided to the Court. Fed. R. Civ. P. 4(l).

As noted, Plaintiff filed the action on November 5, 2025. More than 65 days have passed since the filing of the Complaint and no proof of service reflecting proper service on at least one of the Defendant(s) has been filed as of the date of this Order. Plaintiff is advised that, absent an intervening order extending the time for service based on a showing of good cause or the filing of proper proof(s) of service reflecting proper service of process upon each Defendant within 90 days from the filing of the Complaint, the action is subject to dismissal without further notice as to any such Defendant not properly and timely served under Rule 4(m). Plaintiff is further reminded of Plaintiff's obligation to serve the Notice of Assignment (Dkt. 5) with the Summons and Complaint upon all Defendants and to file proof of such service as well within three days of service.

As a result, Plaintiff is ORDERED to comply with Rule 4(m), Local Rule 73-2.1, and the Advisement, and file a compliant proof of service reflecting proper service of process and service of the Notice of Assignment (Dkt. 2) upon all Defendants, or show good cause, in writing, why additional time is necessary for such service, within 90 days from the filing of the Complaint, that is, by February 3, 2026. Failure to comply with this order may result in the sua sponte dismissal of any Defendant not timely served without further notice from the Court.

Plaintiff may comply with this Order by filing a Notice of Voluntary Dismissal of the Action or of any unserved Defendant(s) by the deadline set forth above.

Dkt. 7 ("Second Order"). On January 19, 2026, Plaintiff filed two Declarations re "Non-Service" by a process server purporting to recount efforts to serve the Defendants at the same address, at the same dates and times. Dkt. 8, 9. Despite the Court's prior two reminders, in the Advisement and in the Order, the Declarations of "Non-Service" did not reflect any effort to serve the Notice of Assignment (Dkt. 2). Separately on January 19, 2026, Plaintiff filed a "Request for Extension of Time to Serve Defendants," also reciting efforts to serve Defendants and seeking an unspecified extension of time to serve Defendants. Dkt. 10.

On February 17, 2026, the Court issued a third order reciting the foregoing chronology, granted a partial extension for Plaintiff to serve Defendants, and directed, as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-02483-JDE | Date | April 13, 2026 |
|---|---|---|---|
| Title | Kristopher Rene Gomez v. Baller Busters, et al. | | |

Leaving aside whether defendant "Baller Busters," which, as noted appears to be an Instagram username, has the capacity to be sued (see Fed. R. Civ. P. 17(b)), the Court grants Plaintiff's Request (Dkt. 10) and extends Plaintiff's time to serve process and serve the Notice of Assignment (Dkt. 2) upon Defendants, and file proper proofs of such service, for 45 days, that is, until March 20, 2026. Plaintiff is cautioned that failure to comply with the foregoing may result in an order of dismissal without further notice.

Dkt. 11 ("Third Order") at 3. In a separate part of the Third Order, the Court reiterated:

Plaintiff is reminded of his obligation, under the Advisement, the Order, and Local Rule 73-2.1 to serve the Notice of Assignment (Dkt. 2) with the Summons and Complaint.

Id. at 2.

On March 11, 2026, Plaintiff filed two purported proofs of service, ostensibly showing proof of service on Defendants. Dkt. 12, 13 ("Proofs"). By this Order, the Court makes no findings as to the sufficiency of the purported Proofs under Rule 4. However, the Proofs do NOT reflect service of the Notice of Assignment (Dkt. 2), despite Plaintiff having been ordered three times, with the words highlighted, to serve the Notice of Assignment (Dkt. 2) upon Defendants at the time of service of process, and despite Local Civil Rule 73-2.1, which contains the same requirement. Rather, the first page of each of the Proofs refers to "the summons" being left with a "Jane Doe" or, alternatively, "the paperwork." Dkt. 12, 13. The Proofs thereafter reflect the mailing of "a copy of the Summons, Complaint, Civil Cover Sheet, Notice and Acknowledgement of Receipt of Summons and Complaint," but not the Notice of Assignment, to an address ostensibly associated with Defendant. Dkt. 12-1, 13-1.

With that foregoing history of non-compliance with Court orders and the Local Rules by Plaintiff, on March 11, 2026, that provided, in part, as follows:

This case was filed more than four months ago. Plaintiff was first advised of the requirement to serve the Notice of Assignment (Dkt. 2) with the Summons and Complaint nearly four months ago, and has been reminded of that requirement twice more, with repeated emphasis. As it appears Plaintiff has now violated three Court orders and the Local Rules in failing to serve the Notice of Assignment (Dkt. 2) upon Defendants at the purported time of service of process, and as such failure has, for reasons that have been repeatedly been explained to Plaintiff, delayed and obstructed the timely administration of justice in this case, and as Plaintiff has previously been cautioned that such a failure "may result in an order of dismissal without further notice," Plaintiff is ORDERED TO SHOW CAUSE, in writing, within five (5) days

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-02483-JDE | Date | April 13, 2026 |
|---|---|---|---|
| Title | Kristopher Rene Gomez v. Baller Busters, et al. | | |

from the date of this Order, why sanctions should not be imposed, including dismissal, under Fed. R. Civ. P. 41(b) and the Court's inherent authority for Plaintiff's apparent failure to comply with three Court Orders and Local Civil Rule 73-2.1, as described above. Plaintiff is ORDERED to <u>personally serve</u> Defendant Raeesabbas Mohamed and Defendant Baller Busters with the Notice of Assignment (Dkt. 2) and include proof of such service with Plaintiff's written response to this Order. Plaintiff's counsel is ORDERED to provide a copy of this Order to Plaintiff and is ORDERED to attest to having done so in the written response to this Order. If Plaintiff files a Notice of Voluntary Dismissal within five (5) days from the date of this Order, a further response to this Order is not required.

Failure to comply with this Order may result in the dismissal of the action for failure to comply with Court orders and failure to prosecute. Fed. R. Civ. P. 41(b).

Dkt. 14 ("Fourth Order").

On March 16, 2026, counsel for Plaintiff filed a response to the Fourth Order, in which counsel: (1) apologized for failing to serve the Notice, having "inadvertently overlooked" the requirement that the Notice be served with process; (2) described purported "difficult[ies]" in serving Defendants; (3) advised another effort to service the Notice would be made that day; and (4) requested "additional time to complete service on Defendants." Dkt. 15 ("Response"). The same day, a process server filed a "Declaration of Diligence" attesting to a single attempt to serve Defendants, reflecting the server left when there was no answer. Dkt. 16. Plaintiff has not filed any further response to the Fourth Order.

Plaintiff has not shown cause why sanctions, including dismissal, should not be imposed for Plaintiff's continued failure to provide proof that Plaintiff served the Notice on Defendants. It is not credible that Plaintiff's counsel "overlooked" the requirement to serve the Notice at the time of service of process on Defendants. Plaintiff was ORDERED, three times, including in repeated, highlighted language, to serve the Notice with process. Plaintiff was advised why such service was necessary in order to proceed with the action. Yet Plaintiff did not do so. Further, after the Fourth Order was issued on March 11, 2026, other than the non-credible Response and the Declaration attesting to a single attempt at service of Defendants, Plaintiff has not shown any further attempt to serve the Notice, nor has Plaintiff shown any indication that Plaintiff takes the orders of this Court seriously.

Five months have passed since Plaintiff was first ordered to serve the Notice on Defendants. Since then, Plaintiff has been ordered three more times to serve the Notice. Yet Plaintiff still has not filed any proof of service of the Notice on Defendants, and apparently, in the preceding five months, tried to serve the Notice only once.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-02483-JDE | Date | April 13, 2026 |
|----------|-------------------|------|----------------|
| Title | Kristopher Rene Gomez v. Baller Busters, et al. | | |

      Plaintiff is ORDERED to serve Defendant with the Notice (Dkt. 5) and file proof of such service <u>by April 15, 2026</u>. Failure to comply with this Order, considering the failure to comply with four prior Orders, will leave the Court with little choice other than to dismiss this action for Plaintiff's failure to comply with multiple court orders under Fed. R. Civ. P. 41(b).

      IT IS SO ORDERED.

| | Initials of Courtroom Deputy | ARO |
|--|------------------------------|-----|