## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-02483-JDE | Date | April 14, 2026 |
|---|---|---|---|
| Title | Kristopher Rene Gomez v. Baller Busters, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**        (In Chambers) Order Denying Ex Parte Application (Dkt. 22)

On April 13, 2026, Plaintiff Kristopher Rene Gomez ("Plaintiff") filed an Ex Parte Application for Service by Publication or Alternative Means, and an Extension of Time to Serve. Dkt. 22 ("Application"). The service at issue is service of the Notice of Assignment (Dkt. 5), that Plaintiff was required by Local Rule 73-2 to have served upon Defendants at the time Plaintiff served the summons and complaint on Defendants, an obligation Plaintiff was advised of nearly five months ago, on November 14, 2026, and of which Plaintiff was reminded three more times, in three Court orders, often with stark highlighting. See generally Dkt. 18 ("Order").

To the extent by the Application Plaintiff seeks even more time that has already been allowed to serve the Notice on Defendants, that request is denied as lacking in a showing of good cause. Plaintiff has had months to comply.

To the extent by the Application Plaintiff seeks an order authorizing service of the Notice by publication or some other means, a court may order alternative means of service under Rule 4 "when plaintiffs' reasonable attempts to effect service via expressly sanctioned techniques have failed." Mesa v. Underwriters Specialty Ins. Co. v. Hulett, 2022 WL 2189360, at *1 (C.D. Cal. May 19, 2022) (citation omitted). The Court finds the three dates on which Plaintiff purportedly attempted service of the Notice do not represent a reasonable number of attempts, when Plaintiff has had nearly five months to serve the Notice and was reminded of that obligation on January 13, 2026, February 17, 2026, and March 11, 2026. As such, the request for service of the Notice by alternative means is denied.

For the foregoing reasons, the Application (Dkt. 22) is DENIED. Plaintiff shall comply with the Order. The Court makes no finding herein as to whether Plaintiff's prior Proofs of Service of Process reflect proper service of process on Defendants, and the Court makes no findings on what form of service is required for service of the Notice in this instance.

| | Initials of Courtroom Deputy | ARO |
|---|---|---|